**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| RACHAEL MANEY, | ) | **C.A. NO. 2:19-CV-02899-BHH** |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | **ANSWER TO AMENDED COMPLAINT** |
| | ) | |
| MASON PREPARATORY SCHOOL, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

TO:   MARYBETH MULLANEY, ESQUIRE, LAW OFFICE OF MARYBETH MULLANEY
AND REED N. COLFAX, ESQUIRE, RELMAN, DANE, & COLFAX, PLLC ATTORNEYS
FOR PLAINTIFF:

Defendant Mason Preparatory School (hereinafter "Defendant," "Mason Prep" or "MPS"),

subject to and without waiving its Motion to Strike, hereby answers the Plaintiff's Amended

Complaint by denying each and every allegation of the Amended Complaint not hereinafter

specifically admitted, modified or explained.  Defendant further responds to Plaintiff's Amended

Complaint by alleging and stating as follows:

**COMPLAINT FOR DAMAGES, DELARATORY AND INJUNCTIVE RELIEF AND
DEMAND FOR JURY TRIAL**

1.      The allegations contained in Paragraph 1 of Plaintiff's Amended Complaint

constitute conclusions of law requiring no answer, and therefore strict proof is required.

**NATURE OF ACTION**

2.      Defendant denies the allegations contained in Paragraphs 2 of Plaintiff's Amended

Complaint and demands strict proof thereof.

3.      Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Amended

Complaint and demands strict proof thereof.

4.    Defendant admits only so much of the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint as alleges the Maney children were good students of whom the School is fond, and denies the remaining allegations contained in Paragraph 4 of Plaintiff's Amended Complaint and demands strict proof thereof.

5.    Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

6.    The allegations contained in Paragraph 6 of Plaintiff's Amended Complaint constitute conclusions of law requiring no answer.

7.    The allegations contained in Paragraph 7 of Plaintiff's Amended Complaint constitute conclusions of law requiring no answer.

8.    Responding to the allegations of Paragraph 8 of the Amended Complaint, Defendant lacks sufficient information upon which to admit the allegations of national origin and residence of Plaintiff, P.M. and W.M. and therefore denies the same and demands strict proof thereof.  Further responding to Paragraph 8 of Plaintiff's Amended Complaint, Defendant craves reference to the applicable MPS Enrollment Contracts with Rachael Maney and Chris Maney and denies any allegations inconsistent therewith.

9.    Responding to Paragraph 9 of Plaintiff's Amended Complaint, the definition of duty constitutes a conclusion of law requiring no answer; therefore, Defendant demands strict proof.  Further Responding to Paragraph 9 of Plaintiff's Amended Complaint, Defendant craves reference to the applicable MPS Enrollment Contract with Rachael and Chris Maney and denies any allegations inconsistent therewith.  Defendant further responds that, to the extent Plaintiff asserts a duty owed to her children under the enrollment contract as a basis for her individual

claim(s), Defendant asserts the Maney children are necessary parties based on such allegations and that Plaintiff has failed to join them pursuant to Rule 19.

10.    Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

11.    Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint to the extent any acts were outside the scope and demands strict proof.    Further responding, Paragraph 11 states conclusions of law requiring no answer, and therefore strict proof is required.

## **FACTUAL BACKGROUND**

12.    The allegations contained in Paragraph 12 of Plaintiff's Amended Complaint are subject to Defendant's Motion to Strike pursuant Rule 12(f) of the Federal Rules of Civil Procedure, which is incorporated herein by reference; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

13.    The allegations contained in Paragraph 13 of Plaintiff's Amended Complaint are subject to Defendant's Motion to Strike pursuant Rule 12(f) of the Federal Rules of Civil Procedure, which is incorporated herein by reference; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

14.    The allegations contained in Paragraph 14 of Plaintiff's Amended Complaint are subject to Defendant's Motion to Strike pursuant Rule 12(f) of the Federal Rules of Civil Procedure, which is incorporated herein by reference; therefore, no response is provided herein.

Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

15.    The allegations contained in Paragraph 15 of Plaintiff's Amended Complaint are subject to Defendant's Motion to Strike pursuant Rule 12(f) of the Federal Rules of Civil Procedure, which is incorporated herein by reference; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

16.    The allegations contained in Paragraph 16 of Plaintiff's Amended Complaint are subject to Defendant's Motion to Strike pursuant Rule 12(f) of the Federal Rules of Civil Procedure, which is incorporated herein by reference; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

17.    The allegations contained in Paragraph 17 of Plaintiff's Amended Complaint are subject to Defendant's Motion to Strike pursuant Rule 12(f) of the Federal Rules of Civil Procedure, which is incorporated herein by reference; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

18.    The allegations contained in Paragraph 18 of Plaintiff's Amended Complaint are subject to Defendant's Motion to Strike pursuant Rule 12(f) of the Federal Rules of Civil Procedure, which is incorporated herein by reference; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

19.    The allegations contained in Paragraph 19 of Plaintiff's Amended Complaint are subject to Defendant's Motion to Strike pursuant Rule 12(f) of the Federal Rules of Civil Procedure, which is incorporated herein by reference; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

20.    Responding to Paragraph 20 of Plaintiff's Amended Complaint, Defendant craves reference to the Enrollment Contract and denies any allegations inconsistent therewith.

21.    Responding to Paragraph 21 of Plaintiff's Amended Complaint, Defendant craves reference to the Enrollment Contract and denies any allegations inconsistent therewith.

22.    Responding to Paragraph 22 of the Plaintiff's Amended Complaint, Defendant admits such allegations as allege Plaintiff is personally respected by Defendant, however, Defendant denies the characterization and veracity of all aspects of the detail alleged and demands strict proof.

23.    Responding to Paragraph 23 of Plaintiff's Amended Complaint, Defendant admits so much of the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint as allege P.M. received an excellent education at Defendant school which appropriately rewarded him when good behavior was evident; however, Defendant denies the characterization and veracity of all aspects of the detail alleged and demands strict proof.

24.    Defendant admits the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.    Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint and demands strict proof thereof.

26.     Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint and demands strict proof thereof.

27.     Defendant lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint and therefore denies the same and demands strict proof thereof.

28.     Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint and demands strict proof thereof.

29.     Responding to Paragraph 29 of Plaintiff's Amended Complaint, Defendant admits Plaintiff first contacted the school with questions on Dr. Maynard's purported statement about diversity just before Christmas break, denies the remainder of the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint and demands strict proof thereof.

30.     Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint and demands strict proof thereof.

31.     Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint and demands strict proof thereof.

32.     Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint and demands strict proof thereof.  Further responding, Defendant denies any creation and maintenance of a discriminatory or hostile environment at MPS.

33.     Responding to Paragraph 33 of the Amended Complaint, Teachers reported concerns regarding certain of Dr. Maynard's workroom conversations during the school's good faith and timely investigation of Ms. Maney's and others' complaints.  Their testimony will speak for itself and Defendant denies all allegations inconsistent.

34.      Responding to Paragraph 34 of Plaintiff's Amended Complaint, Defendant admits Dr. Maynard's literature curriculum included "To Kill a Mockingbird," and the allegation of discomfort of a student related to her curriculum first came to light in the investigation.

35.      The allegations contained in Paragraph 35 of Plaintiff's Amended Complaint are subject to Defendant's prior Motion to Strike; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

36.      The allegations contained in Paragraph 36 of Plaintiff's Amended Complaint are subject to Defendant's prior Motion to Strike; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

37.      The allegations contained in Paragraph 37 of Plaintiff's Amended Complaint are subject to Defendant's prior Motion to Strike; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

38.      The allegations contained in Paragraph 38 of Plaintiff's Amended Complaint are subject to Defendant's prior Motion to Strike; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

39.      Defendant denies the allegations of Paragraph 39 of Plaintiff's Amended Complaint.

40.      Responding to the allegations of Paragraph 40 of Plaintiff's Amended Complaint, the Defendant admits placing Dr. Maynard on leave while appropriately investigating complaints,

but denies the remaining allegations contained in Paragraph 40 of Plaintiff's Amended Complaint and demands strict proof.

41.    Responding to the allegations of Paragraph 41 of Plaintiff's Amended Complaint, Defendant admits the School fully investigated concerns expressed and denies the remaining allegations contained in Paragraph 41 of Plaintiff's Amended Complaint and demands strict proof.

42.    Responding to Paragraph 42 of Plaintiff's Amended Complaint, Defendant craves reference to the March 29, 2019 Letter from the Board of Trustees to MPS Family and denies any allegations inconsistent therewith.

43.    Responding to Paragraph 43 of Plaintiff's Amended Complaint, Defendant craves reference to the March 29, 2019 Letter from the Board of Trustees to MPS Family and denies any allegations inconsistent therewith.

44.    Responding to the portion of Paragraph 44 of Plaintiff's Amended Complaint that identifies Defendant's counsel by name and discusses alleged statements made at the parent forum, these allegations are subject to Defendant's prior Motion to Strike; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.  Further responding, Defendant admits only so much of the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint as allege that the School appropriately responded to the school community's and the Plaintiff's family's educational concerns. Defendant denies the inconsistent allegations contained in Paragraph 44 of Plaintiff's Amended Complaint and demands strict proof.

45.    The allegations contained in Paragraph 45 of Plaintiff's Amended Complaint are subject to Defendant's prior Motion to Strike; therefore, no response is provided herein. Defendant

reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

46.    The allegations contained in Paragraph 46 of Plaintiff's Amended Complaint are subject to Defendant's prior Motion to Strike; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

47.    The allegations contained in Paragraph 47 of Plaintiff's Amended Complaint are subject to Defendant's prior Motion to Strike; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

48.    The allegations contained in Paragraph 48 of Plaintiff's Amended Complaint are subject to Defendant's prior Motion to Strike; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

49.    The allegations contained in Paragraph 49 of Plaintiff's Amended Complaint are subject to Defendant's prior Motion to Strike; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

50.    The allegations contained in Paragraph 50 of Plaintiff's Amended Complaint are subject to Defendant's prior Motion to Strike; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

51.    Defendant lacks sufficient information upon which to admit or deny what or whether W.M. reported as alleged in Paragraph 51 of Plaintiff's Amended Complaint and therefore denies the same and demands strict proof thereof.  Further responding to Paragraph 51 of Plaintiff's Amended Complaint, Defendant admits that in April 2019 Plaintiff repeatedly berated the Defendant, its remaining teachers, administration and families, expressed the desire to have Defendant teach P.M. as a homebound student and stated fear for W.M.'s safety at school, but denies the truth of Plaintiff's allegation of concern.

52.    Responding to Paragraphs 52 of Plaintiff's Amended Complaint, Defendant craves reference to the Defendant's April 29, 2019 letter to Rachel and Chris Maney and denies all allegations inconsistent therewith.

53.    Responding to Paragraph 53 of Plaintiff's Amended Complaint, Defendant craves reference to the Defendant's April 29, 2019 letter to Rachael and Chris Maney and denies all allegations inconsistent therewith.

54.    Responding to Paragraph 54 of Plaintiff's Amended Complaint, Defendant lacks sufficient information upon which to admit or deny Ms. Maney's knowledge of Mr. Green, craves reference to Defendant MPS's April 29, 2019 letter to Rachael and Chris Maney, and denies all allegations inconsistent therewith.  Defendant denies the last allegations contained in Paragraph 54 of Plaintiff's Amended Complaint and demands strict proof thereof.

55.    Responding to Paragraph 55 of Plaintiff's Amended Complaint, Defendant admits it gave Plaintiff positive feedback as appropriate, but denies the allegations and implications that Plaintiff Maney and her family were not advised of inappropriate conduct and consequences and denies allegations inconsistent therewith.

56.    Responding to Paragraph 56 of Plaintiff's Amended Complaint, Defendant admits it gave Plaintiff positive feedback as appropriate, but denies Plaintiff Maney and her family were not advised of inappropriate conduct and consequences and denies the reminder of the allegations and demands strict proof.

57.    The allegations contained in Paragraph 57 of Plaintiff's Amended Complaint are subject to Defendant's prior Motion to Strike; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

58.    The allegations contained in Paragraph 58 of Plaintiff's Amended Complaint are subject to Defendant's prior Motion to Strike; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

59.    The allegations contained in Paragraph 59 of Plaintiff's Amended Complaint are subject to Defendant's prior Motion to Strike; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

60.    The allegations contained in Paragraph 60 of Plaintiff's Amended Complaint are subject to Defendant's prior Motion to Strike; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

61.    The allegations contained in Paragraph 61 of Plaintiff's Amended Complaint are subject to Defendant's prior Motion to Strike; therefore, no response is provided herein. Defendant

reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

62.    The allegations contained in Paragraph 62 of Plaintiff's Amended Complaint are subject to Defendant's prior Motion to Strike; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

63.    The allegations contained in Paragraph 63 of Plaintiff's Amended Complaint are subject to Defendant's prior Motion to Strike; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

64.    Responding to Paragraph 64 of Plaintiff's Amended Complaint, Defendant lacks information sufficient to form a reasonable belief as to the truth or falsity of whether Bandy confirms some of the allegations of Plaintiff; Defendant admits Bandy generally complained of Dr. Maynard not being a team player; Defendant lacks knowledge of what Bandy may allege she heard, and Defendant denies the remainder and demands strict proof.

65.    The allegations contained in Paragraph 65 of Plaintiff's Amended Complaint are subject to Defendant's prior Motion to Strike; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

66.    The allegations contained in Paragraph 66 of Plaintiff's Amended Complaint are subject to Defendant's prior Motion to Strike; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

67.     The allegations contained in Paragraph 67 of Plaintiff's Amended Complaint are subject to Defendant's prior Motion to Strike; therefore, no response is provided herein. Defendant reserves its right to respond to such allegations, if required, after a ruling on Defendant's Motion to Strike.

68.     Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Amended Complaint and demands strict proof thereof.

69.     Defendant denies the allegations contained in Paragraph 69 of Plaintiff's Amended Complaint and demands strict proof thereof.

70.     Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Amended Complaint and demands strict proof thereof.

## FIRST CAUSE OF ACTION
### 42 U.S.C. §1981

71.     Defendant responds to the allegations contained in Paragraph 71 of the Plaintiff's Amended Complaint by reaffirming and realleging the foregoing paragraphs of its Answer as if fully repeated herein verbatim.

72.     Defendant denies the allegations contained in Paragraph 72 of Plaintiff's Amended Complaint and demands strict proof thereof.

73.     Defendant denies the allegations contained in Paragraph 73 of Plaintiff's Amended Complaint and demands strict proof thereof.

74.     Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Amended Complaint and demands strict proof thereof.

75.     Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Amended Complaint and demands strict proof thereof.

76.    Defendant denies the allegations contained in Paragraph 76 of Plaintiff's Amended Complaint and demands strict proof thereof.

## SECOND CAUSE OF ACTION
### BREACH OF CONTRACT

77..    Defendant responds to the allegations contained in Paragraph 77 of the Plaintiff's Amended Complaint by reaffirming and realleging the foregoing paragraphs of its Answer as if fully repeated herein verbatim.

78.    Defendant denies the allegations contained in Paragraph 78 of Plaintiff's Amended Complaint and demands strict proof thereof.

79.    Defendant denies the allegations contained in Paragraph 79 of Plaintiff's Amended Complaint and demands strict proof thereof.

80.    Defendant denies the allegations contained in Paragraph 80 of Plaintiff's Amended Complaint and demands strict proof thereof.

## THIRD CAUSE OF ACTION
### NEGLIGENCE

81.    Defendant responds to the allegations contained in Paragraph 81 of the Plaintiff's Amended Complaint by reaffirming and realleging the foregoing paragraphs of its Answer as if fully repeated herein verbatim.

82.    Defendant denies the allegations contained in Paragraph 82 of Plaintiff's Amended Complaint and demands strict proof thereof.

83.    Responding to Paragraph 83 of the Plaintiff's Amended Complaint, the allegations herein constitute conclusions of law regarding the answer and therefore strict proof is required. Further, Defendant denies the allegations contained in Paragraph 83 of Plaintiff's Amended

Complaint as allege the Defendant had a heightened duty of care to Plaintiff and demands strict proof thereof.

84.    Defendant denies the allegations contained in Paragraph 84 of Plaintiff's Amended Complaint and demands strict proof thereof.

## PRAYER FOR RELIEF

85.    Responding to Paragraph 85 and subparts a through f thereof, of Plaintiff's Amended Complaint, Defendant states that Plaintiff is not entitled to the relief requested therein.

## FURTHER ANSWERING THE  AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:

86.    Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:

87.    Plaintiff's claims are subject to all applicable statute of limitations, which act as a bar to Plaintiff's claims to the extent the claims arise or accrue outside of the said limitations.

## FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:

88.    Plaintiff may not be entitled to a jury trial on all issues and claims.

## FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:

89.    Plaintiff's Amended Complaint fails to join required parties pursuant to Rule 19 and, therefore, may be dismissed. Fed. R. Civ. P. 12(b)(7).

## FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:

90.    Some or all of Plaintiff's claims may be subject to her duty to mitigate her alleged damages, and such claims are barred and/or limited to the extent Plaintiff has failed to mitigate her alleged damages.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

91.    Plaintiff's claims herein, in whole or in part, may barred by principles of equity including, but not limited to, the requirements of clean hands and of due diligence, and the doctrines of waiver, estoppel and laches.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

92.    Any and all actions taken by Defendant affecting Plaintiff were in good faith and for legitimate purposes.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

93.    Defendant's conduct with regard to Plaintiff was in no way influenced by Plaintiff's race or national origin.  Defendant's actions with regard to Plaintiff were legitimate, non-discriminatory and non-retaliatory.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

94.    The Court may lack subject matter jurisdiction over some or all of Plaintiff's claims, thereby barring her claims.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

95.    Plaintiff's claim under 42 U.S.C. § 1981 fails, in whole or in part, to state a claim for which relief may be granted and should be dismissed pursuant to Rule 12(b)(1) and/or (b)(6) of the Fed. R. Civ. P.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

96.    Plaintiff's claim under 42 U.S.C. § 1981 fails to state a claim for which relief may be granted because Defendant did not engage in any purposeful or intentional discriminatory action or inaction.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

97.    Plaintiff's claim under 42 U.S.C. § 1981 may be barred to the extent Plaintiff did not engage in any activity protected by the statute.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

98.    Plaintiff's claim under 42 U.S.C. § 1981 may be barred to the extent Plaintiff has not been deprived of any interest protected by the statute.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

99.    The Amended Complaint fails to state a claim against Defendant upon which relief can be granted under 42 U.S.C. § 1981, in that Defendant's treatment of Plaintiff was at all times based on factors other than Plaintiff's race and/or national origin.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

100.    Plaintiff's claim under 42 U.S.C. § 1981 may be barred to the extent Plaintiff did complain about the alleged discriminatory conduct occurring at the school, Defendant promptly responded to the complaints and resolved them.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

101.    Plaintiff's claim under 42 U.S.C. § 1981 may be barred, in whole or in part, because Plaintiff did not suffer any adverse action because of her race or her children's race and/or national origin.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

102.    Plaintiff's claim under 42 U.S.C. § 1981 may be barred, in whole or in part, because Plaintiff did not suffer any retaliation because of her race or her children's race or because she engaged in activity protected by the statute.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

103.    Plaintiff's claims may be barred, in whole or in part, because all decisions with respect to Plaintiff's and/or her children's relationship with Defendant and its school community were made by Defendant for legitimate, non-discriminatory, non-pretextual, and/or non-retaliatory reasons.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

104.    Defendant denies that any action or inaction taken towards Plaintiff was motivated by race.  More specifically, any action or inaction taken towards Plaintiff that Plaintiff contends was discriminatory and/or retaliatory was in fact taken because of factors other than race. Alternatively, in the event that the Court or a jury should conclude that race was a motivating factor for any of the action(s) or inaction(s) challenged by Plaintiff, which Defendant denies, Defendant affirmatively states that the same actions would have taken place absent consideration of Plaintiff's race.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

105.    Plaintiff's claims are barred, in whole or in part, because Defendant has at all times acted reasonably and in good faith toward Plaintiff.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

106.    Plaintiff is estopped from pursuing the claims in the Amended Complaint by reason of Plaintiff's own actions and course of conduct.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

107.    Plaintiff's claims may be barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory and/or retaliatory behavior.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

108.    Plaintiff's claims may be barred, in whole or in part, because Plaintiff failed to take advantage of any preventive or corrective opportunities provided by Defendant to avoid harm or otherwise.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

109.    Plaintiff's claims may be barred to the extent it would impermissibly require for proof the admission into evidence of subsequent remedial measures not admissible to prove culpable conduct in connection with the event under Fed. R. Evid. 407.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

110.    Plaintiff has failed to allege irreparable harm or any other basis upon which to receive any form of injunctive relief.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER
DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

111.    Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff cannot prove any facts showing that Defendant's was the proximate cause of any harm or damages alleged in the Complaint, which are denied.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER
DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

112.    Any injuries or damages sustained by the Plaintiff, which are denied, were caused by her own conduct.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER
DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

113.    Whatever injuries or damages were suffered by the Plaintiff, if any, were due to, caused by and/or the direct and proximate result of the sole and/or intervening/ superseding act of individuals other than Defendant MPS.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER
DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

114.    South Carolina law recognizes no duty as alleged by the Plaintiff, which acts as a bar to Plaintiff's claims.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER
DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

115.    The Defendant does allege and show that any injuries and damages sustained by the Plaintiff as alleged in the Amended Complaint, which are denied, were due to and were caused and occasioned by the intervening and superseding negligence, carelessness, recklessness, heedlessness, willfulness and wantonness of some other party or parties, including Plaintiff, and the Defendant does plead such intervening and superseding negligence, carelessness, recklessness,

heedlessness, willfulness and wantonness as the direct and proximate cause of the injuries and damages sustained by the Plaintiff as alleged in the Amended Complaint.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

116.    Plaintiff's damages may be limited by certain after-acquired evidence.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

117.    Any and all damages claimed in excess of the applicable statutory caps are barred. Additionally, to the extent Plaintiff seeks punitive damages or prejudgment interest pursuant to applicable statutes those claims are also barred.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

118.    No act or omission of Defendant proximately caused any damages to the Plaintiff.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

119.    Defendant cannot be held liable for any actions in which it took no part and over which it had no control.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

120.    Any and all damages claimed in excess of the applicable statutory caps are barred.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

121.    The Defendant is a "charitable organization", as that term is defined by S.C. Code §33-56-170(a) and as used in §33-56-180.  Defendant therefore affirmatively pleads that pursuant to S.C. Code §33-56-170 and §33-56-180, its liability is limited to $300,000.00 actual damages as a protected "charitable organization."  Further, pursuant to S.C. Code Ann. § 33-56-170 and § 33-

56-180, the Plaintiff is statutorily barred from recovering from said Defendant because they did not act in a reckless, willful, or grossly negligent manner.  Further, Defendant is not subject to a claim for punitive damages.  To the extent Plaintiff's prayer for relief includes punitive damages and damages in excess of the statutory cap, such damages are barred and must be stricken. The Defendant is entitled to all monetary limitations or caps on liability provided thereunder.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

122.    To the extent Plaintiff's prayer for relief includes a claim for punitive damages, such claim is barred because the acts and omissions, if any, of Defendant fail to rise to the level required to sustain an award of punitive damages.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

123.    The imposition of punitive damages on the basis of the acts or omissions of this Defendant with respect to the Plaintiff would represent the deprivation of liberty and property without due process of law, the imposition of cruel and unusual punishment and excessive fines, and deny the equal protection of laws, in violation of the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States and pertinent provisions of the Constitution of the State of South Carolina.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

124.    Defendant asserts that any award of punitive damages, if claimed by Plaintiff, should be limited to the limits referenced in S.C. Code Ann. § 15-32-530 and that where a jury returns a verdict for punitive damages in excess of this limitation, the court will be required to make additional determinations concerning the limitation to be imposed. Defendant further pleads

any and all applicable protects afforded to pursuant to S.C. Code Ann. §§ 15-35-510 to -540, as a defense to Plaintiff's claims and/or request for an award of punitive damages.

**<u>FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:</u>**

125.    Defendant relies upon and assert any and all protections provided by S.C. Code §§ 15-32-210 *et seq.*, including limitations in the amount of non-economic damages recoverable, if any, and any other limitations provided for by said Chapter and Title or as interpreted under common law.

**<u>FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:</u>**

126.    Defendant relies upon any and all applicable defenses or benefit codified at S.C. Code §§ 15-38-15 *et seq.*, including the right to have the jury apportion fault among any named Defendant and any other party whether or not named.

**<u>FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:</u>**

127.    The Defendant asserts that any recovery may be barred in whole or in part as a result of the doctrine of election of remedies to the extent Plaintiff seeks inconsistent remedies that would result in double recovery.

**<u>FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:</u>**

128.    Even if Plaintiff prevails, her damages claims are barred to the extent that the forms of relief are duplicative of each other.

**<u>FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:</u>**

129.    To the extent Plaintiff seeks damages not entitled to under her §1981, breach of contract, and/or negligent training/supervision causes of action, such requests for damages or other relief should be stricken from Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(f).

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

130.    Plaintiff's contract claim fails because Plaintiff cannot show a breach of the alleged contract by Defendant.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

131.    Plaintiff's contract claims are barred because Defendant substantially complied with its obligations under the purported contact and did not breach any agreement with Plaintiff.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

132.    Plaintiff's contract claims may be barred by the doctrine of impossibility impracticability and/or frustration of purpose.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

133.    Plaintiff's breach of contract claim is barred because Plaintiff's actions, not Defendant's, breached the contract.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

134.    Plaintiff's breach of contract claim may be barred because Plaintiff failed to join necessary parties on that claim, as Chris Maney was also a party to the Enrollment Contract.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

135.    To the extent the Amended Complaint alleges third party beneficiaries to the Enrollment Contract, those beneficiaries would be necessary parties to this action who were not properly joined, which may act as a bar to Plaintiff's breach of contract claim.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

136.    Conditions to performance of the Enrollment Contract are excused by hindrance and failure of cooperation by Plaintiff.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

137.    Conditions of Defendant's counter performance of the Enrollment Contract, if any exist, are excused by actual material breach by Plaintiff.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

138.    Conditions of Defendant's duty of any counter performance of the Enrollment Contract are suspended due to Plaintiff's breach of contract.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

139.    Conditions of Defendant's duty of any counter performance of the Enrollment Contract are excused due to Plaintiff's conduct indicating prospective liability or unwillingness to perform.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

140.    Plaintiff waived and is estopped to allege breach of Defendant's duty of any counter performance under the Enrollment Contract.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

141.    Plaintiff's allegations are barred due to principles of equity, including unclean hands.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

142.    Any and all contractual duties of Defendant were fully discharged.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

143.    Plaintiff failed to mitigate damages (if any) for the alleged breach of contract.

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

144.    Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of litigation and reserves the right to amend Defendant's Answer to assert such defenses.  Further, in asserting the affirmative defenses, Defendant does not assume the burden of proof for any issue that would otherwise rest with Plaintiff.

WHEREFORE, having fully answered the Amended Complaint herein, the Defendant respectfully prays for an Order of this Court granting judgment to the Defendant, dismissing the Amended Complaint herein with prejudice, assessing all costs and fees, including attorney's fees against the Plaintiff and granting such other and further relief as this Court may deem just and proper.

YOUNG CLEMENT RIVERS, LLP


By:  *s/Shawn Daughtridge Wallace*
Shawn Daughtridge Wallace, Federal I.D. #: 4506
E-mail:  swallace@ycrlaw.com
Stephanie N. Ramia, Federal I.D. #: 11783
E-mail:  sramia@ycrlaw.com
Zachary M. Kern, Federal I.D. # 13078
E-mail: zkern@ycrlaw.com
P.O. Box 993, Charleston, SC  29402
Phone: (843) 724-6603;

*Attorneys for Defendant*

Charleston, South Carolina

Dated: December 24, 2019